IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE NO. 4:15-CR-20-01-HLM-WEJ |
| DUSTIN WARD | |

## ORDER

This case is before the Court on Defendant's Motion to Suppress Evidence Seized from Automobile and Custodial Statements [10], on Defendant's Motion to Suppress Evidence Obtained by Search Warrant Not Supported by Probable Cause and Prompted by the Unlawful Stop and Search of an Automobile [11], and on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [57].

AO 72A
(Rev.8/82)

## I. Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects.

2

United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

### A. Statement of Facts

The Court's review of the record in this case reveals that Judge Johnson correctly set forth the facts in this action. The Court therefore adopts the Statement of Facts portion of the Non-Final Report and Recommendation, and incorporates that portion of the Non-Final Report and Recommendation into this Order as if set forth fully herein. (Non-Final Report & Recommendation (Docket Entry No. 57) at 2-13.)

### B. Procedural Background

On July 8, 2015, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Defendant. (Docket Entry No. 1.) The Indictment alleges that, on or about August 11, 2014, in the Northern District of Georgia, Defendant,

3

AO 72A
(Rev.8/82)

having been convicted of a felony offense, did knowingly possess in and affecting interstate and foreign commerce, at least one of the following: two firearms, that is a Highpoint Model 9C, 9mm firearm; a Jennings Model 48, .380 Semi-Automatic firearm; and associated ammunition, in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2). (Id.) The indictment also contains a forfeiture provision. (Id.

On August 12, 2015, Defendant filed his Motion to Suppress Evidence Seized from Automobile and Custodial Statements. (Docket Entry No. 10.) On that same day, Defendant filed his Motion to Suppress Evidence Obtained by Search Warrant Not Supported by Probable Cause and Prompted by the Unlawful Stop and Search of an Automobile. (Docket Entry No. 11.)

Judge Johnson held an evidentiary hearing on Defendant's Motion to Suppress on September 25, 2015. (Docket Entry No. 38.) Judge Johnson continued that evidentiary hearing on January

29, 2016. (Docket Entry No. 48.) On June 24, 2016, Judge Johnson issued his Non-Final Report and Recommendation. (Docket Entry No. 57.) Judge Johnson recommended that the Court deny Defendant's Motion to Suppress Evidence Seized from Automobile and Custodial Statements and Defendant's Motion to Suppress Evidence Obtained by Search Warrant Not Supported by Probable Cause and Prompted by the Unlawful Stop and Search of an Automobile.

Defendant has not filed Objections to the Non-Final Report and Recommendation. (See generally Docket.) The time period for filing Objections has expired, and the Court finds that the matter is ripe for resolution.

5

AO 72A
(Rev.8/82)

## III. Discussion

### A. Motion to Suppress Evidence Seized from Automobile and Custodial Statements

Defendant argues that the stop and search of his car, the seizure of the gun, and his arrest violated the Fourth Amendment, and that the Court should suppress evidence relating to the gun found in the car. (Mot. Suppress Evid. (Docket Entry No. 10) ¶ 12; Br. Supp. Mot. Suppress (Docket Entry No. 54) at 7-15.) Defendant also contends that the Court should suppress all of the statements that he made during custodial interrogation. (Mot. Suppress Evid. (Docket Entry No. 10) ¶¶ 13-14.) Judge Johnson correctly set forth the relevant law relating to the Fourth Amendment, the plain view doctrine, and probationers in his Non-Final Report and Recommendation. (Non-Final Report & Recommendation at 15-18.) The Court agrees with Judge Johnson that Defendant's challenge to the search of his vehicle fails. (Id. at 18-19.)

Moreover, Judge Johnson properly found that Defendant's custodial statements should not be suppressed. (Id. at 19-20.) The Court therefore adopts this portion of the Final Report and Recommendation.

### B. Motion to Suppress Evidence Obtained by Search Warrant Not Supported by Probable Cause and Prompted by the Unlawful Stop and Search of an Automobile

Defendant also argues that the Court should suppress the evidence obtained in his home and car because that evidence was prompted by earlier Fourth Amendment violations, and because the search warrant was not supported by probable cause. (Def.'s Mot. Suppress Evid. (Docket Entry No. 11).) Judge Johnson properly rejected Defendant's argument that the decision to obtain a search warrant was prompted by Fourth Amendment violations, and correctly found that the use of that evidence in the warrant affidavit was permissible. (Non-Final Report & Recommendation at 21-22.)

7

Moreover, the Court agrees with Judge Johnson that the affidavit supporting the search warrant was sufficient to establish probable cause, and that Defendant failed to show that he was entitled to a hearing under Franks v. Delaware, 438 U.S. 154 (1978). (Id. at 22-27.) The Court therefore adopts this portion of the Non-Final Report and Recommendation.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [57], **DENIES** Defendant's Motion to Suppress Evidence Seized from Automobile and Custodial Statements [10], and **DENIES** Defendant's Motion to Suppress Evidence Obtained by Search Warrant Not Supported by Probable Cause and Prompted

AO 72A
(Rev.8/82)

by the Unlawful Stop and Search of an Automobile [11].

IT IS SO ORDERED, this the 14th day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE